**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CONIFER INSURANCE COMPANY,

     Plaintiff,

v.                                                                    Case No. 15-11650

CONTINENTAL INC., et al.,

     Defendants.

_____/

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**

On March 25, 2015, Plaintiff Conifer Insurance Company filed this Complaint

against Defendants Continental, Inc., SMTS, LLC, Trarms, Inc., Leapers, Inc., and

Chuanwen Shi in the Wayne County Circuit Court, seeking declaratory relief with

respect to Continental's commercial general liability policy.  (Dkt. # 1-2.)  Defendants

removed the case to this court on May 7, 2015.  (Dkt. # 1.)

In its Preliminary Scheduling Order following removal, however, the court

"questioned the existence of subject matter jurisdiction over this . . . case." (Dkt. # 20,

Pg. ID 212.)  On the face of the Complaint, no federal question was asserted and

complete diversity seemed to be lacking. (Dkt. # 1-2, Pg. ID 11-12.)  The court,

therefore, ordered Plaintiff to either "a) submit a stipulation and proposed order that

would i) eliminate non-diverse parties and clarify this court's jurisdiction, or ii) maintain

the non-diverse parties and remand the case to state court OR, b) in the absence of a

stipulated proposed order, file a motion to remand."  (Dkt. # 20, Pg. ID 212.)  Now

before the court is Plaintiff's timely Motion to Remand in response to that Order.  (Dkt.

# 21.)  After reviewing the briefs, the court concludes that a hearing is unnecessary.
*See* E.D. Mich. LR 7.1(f)(2).   For the reasons explained below, the court will grant
Plaintiff's Motion.

## I. BACKGROUND

Defendant Continental is an investigative and consulting firm incorporated in
Indiana that specializes in trademark infringement.  (Dkt. # 25, Pg. ID 549; Dkt. # 21,
Pg. ID 217, 220.)  Fellow Defendant Leapers, a Michigan corporation, hired Continental
to investigate SMTS (a Michigan LLC), Trarms (a California corporation), and Shi (a
Chinese citizen and resident of California) in order to determine if they were unlawfully
replicating Continental's intellectual property in their product designs.  (Dkt. # 25, Pg. ID
218; Dkt # 21, Pg. ID 217.)  At the conclusion of the investigation, Leapers sued those
parties under the Lanham Act.  SMTS, Trarms, and Shi filed a counterclaim against
Leapers and Continental, alleging that they had been the victims of tortious conduct
during Continental's investigation.  That litigation is currently pending before this court in
the companion case *Leapers, Inc. v. SMTS, LLC,* No. 14-12290.

In 2011 — more than two years before the commencement of the underlying
case — Continental "applied for commercial general liability insurance coverage and
errors and omissions coverage from Conifer[,]" which was approved.  (Dkt. # 21, Pg. ID
220.)  The policy was renewed at the end of 2013, and remained in effect when SMTS,
Trarms, and Shi filed the aforementioned counterclaims.  (Dkt. # )  As a result,
Continental sought indemnification from Conifer. (Dkt. # 21, Pg. ID 219.)

Conifer then filed the instant action in the Wayne County Circuit Court, asserting
(among other things) that (a) the allegations in the Counter-Complaint fall outside the

coverage of Continental's insurance policy, (b) "[c]ertain of the events alleged in the Counter-Complaint occurred prior to the policy period[;]" and (c) Continental had failed to disclose important details about "the nature and extent of its business" before the "insurance transaction was consummated."  (Dkt. # 1-2, Pg. ID 13-17.)  Conifer asked the court to "enter its Judgment declaring that Plaintiff has no duty to defend or indemnify Continental or any other Defendant with respect to any claim or demand made in the currently pending litigation[,]" or in the alternative, "rescinding all coverages issued by Plaintiff to Continental as a result of fraud."  (*Id.* at Pg. ID 17.)

## II. STANDARD

"Federal courts are not courts of general jurisdiction and have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."  *Marine Equip. Mgmt. v. United States*, 4 F.3d 643, 646 (8th Cir. 1993).  "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

The U.S. District Court has jurisdiction over claims based on a federal question and claims with complete diversity of citizenship between parties.  Title 28 U.S.C. § 1332 defines diversity jurisdiction.  It provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states."  28 U.S.C. § 1332(a)(1) (2006).  Under 28 U.S.C. § 1332(a), therefore, the two requirements for diversity jurisdiction are (1) that the matter

in controversy exceed $75,000.00, and (2) that complete diversity exist between the disputing parties.

### III. DISCUSSION

In its Notice of Removal, Defendant Continental argued that all other Defendants "have been fraudulently joined to this Action and should be ignored for purposes of the diversity analysis." (Dkt. # 1, Pg. ID 5.)   Plaintiff Conifer counters that "joinder of each of the Michigan based Defendants was not only appropriate, but was required under Michigan law[.]" (Dkt. # 21, Pg. ID 227.)  The court agrees.  The party seeking removal has the burden of proving that a non-diverse party was fraudulently joined.  *Freeman v. Unisys, Corp.*, 870 F. Supp. 169, 173 (E.D. Mich. 1994).  As the Sixth Circuit has held, "there can be no fraudulent joinder unless it be clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law." Defendant has not satisfied its burden in this regard, and as such the case will be remanded to state court.

The Michigan Supreme Court has specifically stated that "the injured party in an insurer's action for declaratory relief is a proper party to that action."  *Allstate Ins. Co. v. Hayes,* 499 N.W.2d 743, 748 (Mich. 1993).   Once an insurance company begins "its action for declaratory judgment and allege[s] an actual controversy exist[s] between itself and its insured and [the injured party], the trial court [can] declare the rights and responsibilities of all interested parties before it."  *Id.* at 745.  Here, Defendants SMTS, Trarms, and Shi have all allegedly been injured by Continental's actions, injuries for which Continental has sought indemnification under its insurance policy.  As such, these Defendants are proper parties to Plaintiff's action under Michigan law and have not

4

been fraudulently joined.  Complete diversity between the opposing sides, therefore,

does not exist.  Both Conifer and SMTS are Michigan companies, obviating this court's

jurisdiction over the matter.

## IV. CONCLUSION

IT IS ORDERED that Plaintiff's Motion to Remand (Dkt. # 21) is GRANTED.  The

matter is remanded to Wayne County Circuit Court.


 s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  November 12, 2015


I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, November 12, 2015, by electronic and/or ordinary mail.

 s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522